# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1081

_____

| | | |
|---|---|---|
| John Howell, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Carl A. Redus, Individually and as | * | |
| Mayor of the City of Pine Bluff, | * | [UNPUBLISHED] |
| Arkansas, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Irene Holcomb; Thelma Walker; Wayne | * | |
| Easterly; Charles Boyd; Bill Brumett; | * | |
| Glen Brown; Janice L. Roberts; | * | |
| George Stepps, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| City of Pine Bluff, Arkansas, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: August 3, 2011
Filed: August 12, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this employment-discrimination action, John Howell appeals from the order of the District Court[1] granting summary judgment to Carl Redus and Pine Bluff, Arkansas, on Howell's federal claims and dismissing without prejudice his pendent state-law claims.

Upon careful de novo review, we conclude that the District Court's summary judgment decision was proper. See Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011) (standard of review); Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1336–37 (8th Cir. 1996) (explaining the evidence necessary for a plaintiff to avoid summary judgment in an age-discrimination case and affirming summary judgment where the evidence showed that the employer's problems with the plaintiff concerned business matters, not the plaintiff's age); see also Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1152–53 (8th Cir. 2007) (noting that direct evidence of discrimination must show a link between the alleged discriminatory animus and the employment decision; direct evidence does not include statements made by decisionmakers that are not related to the decisional process). We further conclude that the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Howell's state-law claims. See 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction); Moots v. Lombardi, 453 F.3d 1020, 1024 (8th Cir. 2006) (standard of review).

The judgment of the District Court is affirmed.

---

[1] The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.